[764 NYS2d 347]

In the Matter of Stephen W. Dicker, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, September 16, 2003

### APPEARANCES OF COUNSEL

*Naomi F. Goldstein* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Stephen W. Dicker was admitted to the practice of law in the State of New York by the First Judicial Department on March 4, 1985. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order, pursuant to 22 NYCRR 603.11, accepting respondent's affidavit of resignation from the practice of law and striking respondent's name from the roll of attorneys.

Respondent submits his resignation pursuant to 22 NYCRR 603.11. In his affidavit, sworn to May 20, 2003, respondent admits that there is a pending investigation by the Committee into allegations that he converted client funds for his personal use. Specifically, in 2002, over the course of his representation of one client, respondent misappropriated approximately $10,000 that he held in escrow on the client's behalf. Although respondent returned the money after the client made a request, he did not do so immediately. Also in 2002, without authorization, respondent used for his personal benefit the proceeds of another client's $30,000 settlement, which funds he has since returned to the client. Respondent also admits that he has not paid his attorney registration fee to the Office of Court Administration since 1997.

Upon review of respondent's affidavit of resignation, we are satisfied that it fully complies with the requirements of Rules of this Court (22 NYCRR) § 603.11 governing the conduct of attorneys. Respondent acknowledges that he is the subject of a pending disciplinary investigation; he concedes that if charges were brought against him based on the aforementioned allega-

tions he could not successfully defend himself on the merits; he asserts that his resignation is freely and voluntarily rendered without coercion or duress; and he states that he is fully aware of the implications of submitting his resignation. He also states that he "sincerely regret[s]" the actions he has taken.

Accordingly, the Committee's motion should be granted, respondent's resignation accepted, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc, as of May 20, 2003.

NARDELLI, J.P., ANDRIAS, SAXE, WILLIAMS and FRIEDMAN, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc, as of May 20, 2003.